UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
PAUL SALADINO, MD,                :
                                  :   Case No. 7:20-cv-09346-NSR
    Plaintiff,                    :
                                  :   **AFFIRMATION IN**
-against-                         :   **SUPPORT**
                                  :
FRANK TUFANO; and                 :
FRANKIE'S FREE-RANGE MEAT, LLC,   :
                                  :
    Defendants.                   :
---------------------------------X

JEFFREY DAVIS an attorney duly licensed to practice law in the Courts of the State of New York, under the penalty of perjury affirms as follows:

1. I am the principal of Davis & Byrnes attorneys for the Defendant Frankie's Free-Range Meat, LLC in the above-captioned matter.

2. I make this affirmation in support of this firm's motion to be relieved as counsel for the Defendant.

3. It is well established that an attorney may withdraw from representing a client on "good and sufficient cause" and upon reasonable notice to the client. *Benefield v. City of New York*, 14 Misc.3d 603, 604 (Sup. Ct. Bronx Co. Dec. 1, 2006)

4. There are three primary reasons, which will permit an attorney to withdraw as counsel - failure of the client to remain in contact with the attorney, deterioration of the attorney/client relationship, and the non-payment of legal fees. *See Bok v. Werner*, 9 A.D.3d 318 (1st Dept. 2004); *see also Benefield v. City of New York*, 14 Misc.3d at 606 (citing *Tartaglione v. Tiffany*, 280 A.D.2d 543 (2d Dept. 2001); *Lake v. M.P.C. Trucking, Inc.*, 279 A.D.2d 813 (3d Dept. 2001); *Galvano v. Galvano*, 193 A.D.2d 779, 598 N.Y.S.2d

268 (2d Dept. 1993).

5. My understanding of the ethical obligations under which I, like all attorneys, practice is that I must not set out in these papers any specific reasons as to the series of events by which the instant motion was made for fear of disclosing information that could potentially harm the interests of our client if, and when, they obtain alternate counsel and move forward with the lawsuit.

6. As a result, my belief is that it should suffice, in support of the instant motion, by saying that matters have, in my judgment and the judgment of my firm, progressed to a point where the firm cannot effectively represent the interests of the Defendant.

7. There are substantial disagreements as to strategy on both substantive and procedural issues. Communications between myself and my clients have broken down to the point where I don't believe it is possible for me to continue representing my client.

8. There are also financial considerations driving the decision to file this motion to be relieved as counsel.

9. If the Court requires additional information I will submit a supplemental affirmation under seal or *in camera*.

10. This firm's decision to be relieved as counsel is consistent with ethical observations, pursuant to which all attorneys must comport themselves.

11. It is requested that, should the Court grant this motion, that the Defendant be afforded 30 - 60 days in which to obtain new counsel.

12. No prior request for the relief requested herein has been made.

13. No retaining lien is being asserted in connection with this motion.

14. Our client was informed of this application just before it was filed and is not contesting this application. In fact our client has requested that I file this application promptly, even though a motion to vacate a default is currently pending.

15. As this case is not on the verge of trial, and a delay of potential motion practice will not disrupt the proceedings to the point where denial would be warranted, staying the pending motions should be granted. See Taub v Arrayit Corp., 15CV1366ALCJLC, 2016 WL 4146675, at *2 [SDNY Aug. 4, 2016].

16. Furthermore, no discovery on the claims asserted in this action will proceed until there is a determination on the motion to dismiss and, accordingly, new counsel will have sufficient time to prepare for any additional discovery. Id.

WHEREFORE, it is respectfully requested that this Court issue an order granting Davis & Byrnes leave to be relieved of its representation of the Defendant Frankie's Free-Range Meat, LLC, granting the Defendant Frankie's Free-Range Meat, LLC at least 30 days from the date of the Court order to retain new counsel, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 8, 2022

By:____/s/Jeffrey Davis_____
JEFFREY DAVIS