UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌──────────────────────────────────────┐
│ USDC SDNY                             │
│ DOCUMENT                              │
│ ELECTRONICALLY FILED                  │
│ DOC #: _____            │
│ DATE FILED: __7/12/2022__             │
└──────────────────────────────────────┘
```

PAUL SALADINO, MD,

                              Plaintiff,

            v.

FRANK TUFANO and FRANKIE'S FREE-RANGE
MEAT, LLC,

                              Defendants.

20 CV 09346 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Paul Saladino, M.D. ("Plaintiff") brings this action against Frank Tufano ("Tufano") and Frankie's Free-Range Meat, LLC ("Frankie's" together, "Defendants") asserting claims for violations of 15 U.S.C. § 1125(a) and (d), New York General Business Law §§ 148 and 349, and defamation.  (ECF No. 1.)  Plaintiff filed the First Amended Complaint ("FAC") on February 16, 2021.  (ECF No. 11.)  Defendants were due to answer the FAC by March 30, 2021. (ECF Nos. 20 & 21.)  On April 1, 2021 and April 7, 2021, the Clerk of Court entered certificates of default for both Defendants.  (ECF Nos. 24 & 27.)  Presently before the Court is Defendants' motion to vacate the entries of default.  (ECF No. 33.)  For the following reasons, Defendants' motion is DENIED.

## BACKGROUND

The following facts are taken from Plaintiff's FAC and deemed true for purposes of this motion.

Plaintiff is a licensed physician and a certified functional medicine practitioner through the Institute for Functional Medicine.  (FAC ¶ 13.)  Plaintiff is the owner of all common law rights to the PAUL SALADINO trademark, which he uses in commerce and on the internet.  (*Id*. ¶ 18.)

1

Plaintiff created and registered PaulSaladinoMD.com in October of 2017 to promote his business. (*Id*. ¶ 19.)  Plaintiff operates a business under the PAUL SALADINO trademark, which includes YouTube videos, social media podcasters, merchandise, and private consultations.  (*Id*. ¶ 20.)

Tufano is the founder and owner of Frankie's, a food delivery business.  (*Id*. ¶ 24.)  Tufano promotes his business on his YouTube channel.   (*Id*. ¶ 25.)   Plaintiff and Defendants are competitors and compete for the same consumers.   (*Id*. ¶ 27.)   Defendants have created and published over half a dozen defamatory videos that contain false statements and misrepresentations about Plaintiff and his business.  (*Id*. ¶ 2; 30.)  For example, on November 7, 2019, Defendants published a 15-minute video on Tufano's YouTube channel which features Tufano talking about Plaintiff, stating he is the source of Plaintiff's diet information, and describing Plaintiff as dishonest, a thief, and a drug addict.  (*Id*. ¶ 33-35.)  Defendants also published a video which features Tufano stating Plaintiff pays people to downvote Tufano's videos and that Plaintiff is a long-time drug user.  (*Id*. ¶ 37-38.)  Defendants posted similar videos on February 5, 2020, October 16, 2020, October 17, 2020, October 18, 2020, and October 31, 2020.  (*Id*. ¶ 42-45.)  Tufano has also written Reddit messages pretending to be Plaintiff that include links to the videos on Tufano's YouTube channel.  (*Id*. ¶ 41.)

Upon information and belief, Defendants created and registered the domain name PaulSaladino.com on October 23, 2020.  (*Id*. ¶ 46-47.)  The website began directing to another website that contained sexually graphic and homophobic images of Plaintiff, as well as links to the videos created by Defendants on the YouTube Channel "Frank Tufano."  (*Id*. ¶ 48-49.)

Plaintiff filed suit on November 7, 2020 against Tufano.  (ECF No. 1.)  On November 11, 2020, an affidavit of service was filed stating Tufano was served on November 20, 2020, with his answer due by December 11, 2020.  (ECF No. 6.)  After the parties stipulated to an extension,

Tufano filed an answer and counterclaim on January 17, 2021.  (ECF Nos. 7 & 8.)  Plaintiff then filed the FAC on February 16, 2021 against Tufano and Frankie's.  (ECF No. 11.)  Two affidavits of service were filed stating Tufano and Frankie's were both served on March 9, 2021, with their answers due by March 30, 2021.  (ECF Nos. 20 & 21.)  Defendants failed to answer the FAC, so Plaintiff filed proposed certificates of default.  (ECF Nos. 22 & 25.)  On April 1, 2021 and April 7, 2021, the Clerk of Court filed certificates of default for both Defendants.  (ECF Nos. 24 & 27.)  On June 30, 2021, the Court granted Defendants leave to file a motion to vacate the default (ECF No. 29), which they filed on February 10, 2022.  (ECF No. 33.)

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure requires the clerk to enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]"  Fed. R. Civ. P. 55(a).  Then the clerk, if the plaintiff's claim is for a sum certain, or the court may enter a default judgment.  Fed. R. Civ. P. 55(b).  After the entry of either a default or a default judgment, the defaulting party may seek to have the entry set aside.  *See* Fed. R. Civ. P. 55(c) & 60(b).  A court "may set aside an entry of default for good cause[.]"  Fed. R Civ. P. 55(c).

"[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)."  *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).  The considerations, however, are the same under both rules: "[1] whether the default was willful, [2] whether setting it aside would prejudice the adversary, and [3] whether a meritorious defense is presented."  *Id*. at 277 (Rule 55(c)).  When evaluating these factors, courts "must be constantly aware of the 'strong policies favoring the resolution of genuine disputes on their merits.'"  *Randazzo v. Sowin*, No. 97

3

Civ. 0967(DC), 1998 WL 391161, at *2 (S.D.N.Y. July 13, 1998) (quoting *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983)).  Defaults are "generally disfavored," particularly when there are issues of fact, and the defaulting party should prevail when there is doubt about whether default should be granted. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

## DISCUSSION

Default judgments were never entered against Defendants.  Therefore, in deciding Defendants' motion to vacate, the Court will employ the less rigorous standard pursuant to Rule 55(c).

    *a.  Willfulness*

A finding of willfulness is appropriate where conduct is "more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (internal quotation marks and alterations omitted).  Further, "there is no requirement that the party acted in bad faith, but rather it is sufficient that the defendant defaulted deliberately." *BMO Harris Bank N.A. v. Mobius Bus. Sols., LLC*, No. 3:17-cv-01037 (BKS/DEP), 2018 WL 3862682, at *2 (N.D.N.Y. Aug. 14, 2018) (internal quotation marks omitted).  "Actual notice of a lawsuit is a key consideration in determining whether a defendant's default was willful" and "[c]ourts have held a default to be willful when a defendant knew about the complaint and failed to respond." *Li v. Fleet N.Y. Metro. Reg'l Ctr. LLC*, No 21-CV-5185 (PKC) (RER), 2022 U.S. Dist. LEXIS 93927, at *14–15 (E.D.N.Y. May 25, 2022) (internal quotation marks omitted).

Here, Defendants aver that their failure to answer was not willful as they were never served a copy of the FAC.  (Memorandum of Law in Support of Defendants' Motion to Vacate Default ("Mem.") ECF No. 35 at 5-6.)  Tufano alleges that the FAC was served via "nail and mail" at his

4

parents' house where he does not reside, and Tufano, as the managing member of Frankie's, never received actual notice of the lawsuit via service on the New York State Department of State. (*Id.*) The Court will examine both arguments below.

   i. Service on Tufano

   The Court holds that service on Tufano was proper. Plaintiff avers service was made on Tufano by serving his counsel through the Court's ECF system pursuant to Federal Rule of Civil Procedure 5. (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Vacate Default ("Opp.") ECF No. 31 at 4-5.) Rule 5(b) states "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1). "In cases assigned to the ECF system, service is complete when a [Notice of Electronic Filing] is transmitted to all parties." *Masterson v. NY Fusion Merch., LLC*, 300 F.R.D. 201, 205 (S.D.N.Y. June 17, 2014) (citing S.D.N.Y. Electronic Case Filing Rules & Instructions § 9.1). As Tufano's counsel at the time, Jeffrey Davis, received a Notice of Electronic Filing once the FAC was filed (ECF No. 11), service was complete at this time. *See id.* (holding the transmission of a notice of electronic filing to counsel is sufficient to constitute service of an

amended complaint unless plaintiff's counsel learns defendant's counsel did not receive a copy of the filing).  Accordingly, Tufano was properly served the FAC through counsel.[12]

ii.  Service on Frankie's

The Court holds that service on Frankie's was also proper.  Under Rule 4(h)(1)(A), a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," which includes "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(h)(1)(A); (e)(1).  According to New York law, service on a corporation may be made by "personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee" and "shall be complete when the secretary of state is so served."  N.Y. Bus. Corp. Law § 306(b)(1).

---

[1] Plaintiff also avers that service was made on Tufano pursuant to Federal Rule of Civil Procedure 4(e)(1) and New York law.  Rule 4(e)(1) states "an individual . . . may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Under New York law, party may, after due diligence, effectuate service:

by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within [New York] of the person to be served and by either mailing the summons to such person at his or her last known residence or . . . at his or her actual place of business.

N.Y. C.P.L.R. § 308(4).  The Affidavit of Service for Tufano states that the FAC was affixed to the door and mailed to 248 Westchester Avenue, Thornwood, New York, 10594.  (ECF No. 20.)  However, Tufano states that this location is his parent's house and he no longer resided there when the FAC was served.  (Mem. at 5.)  As "nail and mail service is procedurally improper when the summons is affixed to the defendant's last known address rather than his actual residence," *J & J Sports Prods. v. Morocho*, No. 18 CV 2303 (AMD)(RML), 2019 WL 1339198, at *4 (E.D.N.Y. Feb. 27, 2019) *report and recommendation adopted* 2019 WL 1333245 (Mar. 25, 2019), this service was improper. *See also United States v. Crosland*, No. 99-cv-4558 (ARR), 2018 WL 3029038, at *2 (E.D.N.Y. June 18, 2018) ("[W]here a summons is affixed to the door of defendant's last known residence rather than his actual abode the service is ineffective, even if the defendant subsequently receive[s] actual notice of the suit.") (internal citations omitted).

[2] While Mr. Davis filed a motion withdraw as counsel on February 8, 2021, a few days before the FAC was filed, his motion was not granted by the Court until February 23, 2021 (ECF No. 18), and therefore he was still acting as Tufano's attorney at the time the FAC was filed and notice was sent to him.

Here, the Affidavit of Service for Frankie's states that Sue Zouky, Clerk for the New York Secretary of State, was served with two copies of the summons and FAC. (ECF No. 21.) Service on Frankie's was proper and complete at this time. *See Bergman v. Kids by the Bunch Too, Ltd.,* No. 14-CV-5005 (DRH)(SIL), 2018 WL 1402249, at *4 (E.D.N.Y. Feb. 16, 2018) (holding service was proper where the corporate defendant was served when the Summons and Complaint was delivered to the New York Secretary of State).

Therefore, as both Defendants were properly served with the FAC and failed to respond with no satisfactory explanation, the Court finds that Defendants' default was willful.

   b.   *Meritorious Defense*

With regard to the meritorious defense factor, the Second Circuit has stated:

> A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.

*Enron Oil Corp v. Diakuhara,* 10 F.3d 90, 98 (2d Cir. 1993). Therefore, "a defendant must go further than alleging that a defense exists" in order to vacate default. *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf,* No. 05-CV-10098 (CSH), 2006 WL 2850210, at *1 (S.D.N.Y. Oct. 4, 2006) (citing 10 James Wm. Moore et al., *Moore's Federal Practice*, § 55.50[1][b][ii] (3d ed.2005)).

Here, Defendants allege that Tufano's statements about Plaintiff are either true, which is an absolute defense to a defamation claim, or genuinely held opinions which are not actionable. (Mem. at 7-8). However, Defendants fail to provide any underlying facts or allegations to support these conclusory contentions. Defendants merely allege that they discovered Plaintiff had "engaged in a pattern of rampant plagiarism of [Tufano's] work" and that the statements Tufano made are "either based on facts derived from Plaintiff's public appearances or otherwise constitute

7

Tufano's genuinely held opinions based on Plaintiff's public behavior." (Mem. at 7.) Further, in Tufano's affidavit submitted with his application, he states that he "published YouTube videos pointing out [Plaintiff's] plagiarism of [his] ideas and business" and that he has "direct evidence of dozens of instances of Plaintiff's plagiarism" and therefore "[t]he statements made in [his] videos regarding Plaintiff are truthful and factual to [his] knowledge, as [he is] simply stating facts based off Plaintiff's public appearances" and he has "only stated truthful information regarding Plaintiff" on his website. (Declaration of Frank Tufano ("Tufano Decl.") ECF No. 34 at ¶¶ 10-12.) This is insufficient as Defendants have failed to proffer any evidence beyond conclusory denials. *See Daniels v. Kostreva,* No. 15-CV-3141 (ARR) (LB), 2017 WL 519227, at *7 (E.D.N.Y. Feb. 8, 2017) (holding the defendant presented no "evidence of facts" to support her defense where she alleged "the statements made on the website were true").

Further, Defendants do not discuss the full allegations included in Plaintiff's FAC. While Defendants aver Tufano merely pointed out that Plaintiff plagiarized from him, the FAC alleges that Tufano has videos and statements on his website calling Plaintiff dishonest, a thief, a drug user, and unqualified, and has sexually graphic and homophobic images of Plaintiff. (FAC ¶¶ 35; 48.) In addition, Plaintiff also brings claims for violations of 15 U.S.C. § 1125(a) and (d), and New York General Business Law §§ 148 and 349. (ECF No. 11.) Defendants fail to raise any meritorious defenses for these claims. Therefore, Defendants have failed to adequately allege a meritorious defense.

### c. *Prejudice*

Prejudice results when delay causes "the loss of evidence, create[s] increased difficulties of discovery, or provide[s] greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). However, the Court "need not reach the question of whether the plaintiff

would suffer prejudice" because the Court is "persuaded that the default was willful and . . . unpersuaded that the defaulting party has a meritorious defense." *Bricklayers*, 779 F.3d at 187; *see also Kuklachev v. Gelfman*, No. 08-CV-2214 (CPS)(VVP), 2009 WL 497576, at *2 (E.D.N.Y. Feb. 26, 2009) ("Prejudice to the party seeking the default is not required in order to deny a motion to vacate the default[.]")  As the Court has already held Defendants' default was willful and that they failed to show a meritorious defense, the Court need not discuss prejudice.

In sum, the Court holds that Defendants' default was willful and that they have failed to present a meritorious defense.  Therefore, the Court holds that Defendants have failed to show "good cause" under Rule 55(c) to vacate the entries of default against them.

## CONCLUSION

For the foregoing reasons, Defendants' motion to vacate the entry of default is DENIED. Plaintiff is directed to file a non-emergent proposed order to show cause.  The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 33.

Dated: July 12, 2022                                  SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge