UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL SALADINO, MD, <br><br> Plaintiff, <br><br> -against- <br><br> FRANK TUFANO; and <br> FRANKIE'S FREE-RANGE MEAT, LLC, <br><br> Defendants. | Case No. 7:20-cv-09346-NSR-JCM <br><br> DECLARATION OF DAVID D. LIN, ESQ. IN SUPPORT OF APPLICATION FOR INQUEST |

DAVID D. LIN, an attorney duly admitted to practice before this Court, under the penalties of perjury, declares as follows:

1. I am an attorney representing Plaintiff Paul Saladnio, M.D. ("Plaintiff" or "Saladino") in the above-captioned case.

2. I make this declaration in support of Plaintiff's Application for Inquest to determine the appropriate damages amount against Defendant Frank Tufano ("Tufano") or Defendant Frankie's Free-Range Meat, LLC ("FFRM", together with Tufano "Defendants"), and respectfully request the Court award compensatory and statutory damages, along with attorneys' fees and costs.

3. On January 30, 2025, this Court entered an Order of Default against both Defendants for all five asserted causes of action (ECF No. 59, the "Order").

4. To date, Defendants have not cooperated with the Order, or responded to information subpoenas designed to assist the Court with its damages determination.

5. The Order mandated that, "Defendants are directed to forthwith remove and delete all of the defamatory videos on Defendant's YouTube channel related to Plaintiff," including six specific videos listed in the Order. Order at 3.

6. On February 3, 2025, after the Defendants failed to remove the videos after almost a week, counsel for Saladino sent a letter to YouTube informing them of the Court's Order and requesting the removal of the videos. See **Exhibit A,** Letter to YouTube, Inc. re Enforcement.

7. On February 26, 2025, I contacted counsel for Defendants informing him that through our own research, six more defamatory videos remained active on Defendants YouTube channel and again asked for their deletion in line with the Court's Order. The videos remain active at the time of filing. See **Exhibit B**, Email to Farrukh Nuridinov.

8. The Order also mandated "Defendants shall forthwith or within a reasonable time permanently transfer the Domain Name <PAULSALADINO.COM> to Plaintiff." This transfer did not occur, I had to contact the domain name registrant company myself to compel the transfer. *See* **Exhibit C**, Email to NameCheap, Inc.

9. To prepare for this Inquest, Saladino has issued information subpoenas regarding Defendants' financial assets and status.

10. Both Defendants were served with information subpoenas, FFRM was served on February 10, 2025, and Mr. Tufano on February 20, 2025. The return date for both subpoenas was February 28, 2025, and to date neither have been answered. See **Exhibit D**, Affidavits of Service to FFRM and Tufano.

11. Saladino also issued an information subpoena to Shopify Payments, Inc. as the processors of FFRM's online storefront payments. Pursuant to their own internal policies, Shopify Payments, Inc. notified Defendants of the subpoena.

12. At the time of filing, Defendants still offer for sale meat products in a storefront named "Frankie's Free-Range Meat," <https://frankiesfreerangemeat.com/>, which is advertised

on Tufano's personal website <https://frank-tufano.com/>, as well as Tufano's YouTube channel <https://www.youtube.com/@FrankTufano>.

13. Through these information subpoenas to other entities, Saladino was able to receive documentation of the revenue received by Defendants since 2019 from sales on the website "Frankie's Free-Range Meat" available at <https://frankiesfreerangemeat.com/>.

14. Defendants have received 1099K forms for tax years 2019 to 2024 recording the total amount of revenue forwarded to Defendants from two entities Defendants use to process online payment transactions, Shopify Payments, Inc. and PayPal, Inc. *See* **Exhibit E** 1099Ks from Shopify Payments, Inc., and **Exhibit F** 1099Ks from PayPal, Inc.[1]

15. A summary of the revenue processed by Shopify Payments, Inc. and PayPal, Inc. are below:

| Tax Year | Shopify | PayPal | |
|---|---|---|---|
| 2019 | $527,840.54 | 259,296.24 | |
| 2020 | 1,215,060.48 | 0 | |
| 2021 | 968,171.24 | 346,153.78 | |
| 2022 | 1,327,321.07 | 551,649.07 | |
| 2023 | 2,136,671.29 | 591,338.76 | |
| 2024 | 3,575,383.36 | 525,074.37 | |
| Total | $9,750,447.98 | 2,273,512.22 | 12,023,960.20 |

16. My office has also received documentation confirming Tufano purchased <paulsaladino.com> on October 23, 2020, for the purpose of posting defamatory material about Saladino and for directing sales to Defendants. *See* **Exhibit G**, NameCheap Domain Owner Listing.

---

[1] Both of these have been filed in redacted form pursuant to Federal Rule of Civil Procedure 5.2.

17.     Saladino also seeks reasonable attorneys' fees and costs for the time and out-of-pocket expenses incurred by counsel in connection with this suit. During the course of litigation, starting from when Saladino retained my firm for this matter, I have maintained contemporaneous time records. Myself, my office staff, and other associate attorneys have contributed time to this case.

18.     Each period of time and expense occurred on this matter are attached herewith in a document which includes a description of the work performed, the person who performed the service, the date of the service, the time spent, the rate, or the expense date, kind, and amount. *See* **Exhibit H**, Time Entry.

19.     The time spent and expenses incurred in this matter are within reasonable ranges given Defendants' evasion of this case, the complex nature of this case, and Defendants' refusal to cooperate with post-judgment discovery.

20.     At the date of submission, the firm has spent 217 hours working and litigating this matter, at a cost of $76,514. *See* Ex. H.

21.     At the date of submission, my firm has incurred $4,867.55 inclusive of filings fees, service of process, and various mailings. *See* Ex. H.

**22.**     Attached is a true and correct copy of the First Amended Complaint in the above-captioned case. (ECF No. 11). **Exhibit I**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, NY
       March 21, 2025

  /s/ David D. Lin  
David D. Lin, Esq.