UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PAUL SALADINO, MD,

                        Plaintiff,

        -against-

FRANK TUFANO; and
FRANKIE'S FREE-RANGE MEAT, LLC,

                        Defendants.
------------------------------------------------------------------X

**ORDER**

20 Civ. 9346 (NSR)(JCM)

       On January 30, 2025, the Honorable Nelson S. Román entered a default judgment against Defendants and referred the matter to the undersigned to conduct an inquest into damages. (Docket Nos. 59, 60). Plaintiff filed an Application for Inquest ("Application") on March 21, 2025. (Docket No. 62). Defendant Frank Tufano opposed the Application by filing a Motion to Vacate Inquest, (Docket No. 65), and Plaintiff filed a reply declaration by his counsel, David D. Lin, in further support of the Application ("Reply Declaration"), (Docket No. 66). The Application is currently *sub judice*.

       In his Application, Plaintiff seeks an award of reasonable attorneys' fees and costs. (Docket No. 63 at 5). In support of this request, Plaintiff includes an exhibit reflecting attorneys' fees and costs generated from 2020-2025 ("Exhibit H"). (Docket No. 64-8). The Court understands that Mr. Lin is the primary attorney representing Plaintiff. However, Plaintiff provides no information in his Application or the Reply Declaration regarding Mr. Lin's qualifications or experience to justify the billing rates requested. Furthermore, Plaintiff proffers no information regarding other timekeepers reflected in Exhibit H—including their full names, positions, or experience.

       A reasonable fee is calculated under the lodestar method. *See Alicea v. City of New York*,

272 F. Supp. 3d 603, 608 (S.D.N.Y. 2017); *see also Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both [the Second Circuit] and the Supreme Court have held that the lodestar ... creates a 'presumptively reasonable fee.'") (quoting *Arbor Hill Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008)). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate is one "in line with prevailing rates" in the district where the court sits "for similar services by lawyers of reasonably comparable skill, expertise and reputation." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (alterations omitted) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). In addition, "[t]he party seeking attorneys' fees bears the burden of demonstrating that the claimed . . . number of hours [is] reasonable," and the "amount of time expended" is "adequately supported by contemporaneous time records specifying relevant dates, time spent, and work done." *Creighton v. Dominican Coll.*, No. C09-3983Z, 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011) (internal quotations and citations omitted).

Since Plaintiff has not provided sufficient information in support of his request for attorneys' fees and costs, the Court cannot determine whether the requested rates and costs are reasonable. Accordingly, by July 2, 2025, Plaintiff is directed to supplement his Application with (1) the identities of the timekeepers reflected in Exhibit H; (2) these timekeepers' experience, reputation, and ability; (3) an explanation regarding why the requested rates are appropriate; (4) an explanation regarding why the claimed number of hours is reasonable; and (5) support for the requested costs. Failure to do so may result in the Court recommending that no

award of attorneys' fees be granted. *See Dominic Schindler Holding, AG v. Moore*, 20 Civ. 4407 (RPK) (VMS), 2022 WL 987428, at *7 (E.D.N.Y. Jan. 12, 2022) (recommending that certain timekeepers' fees be excluded from award because the plaintiff failed to provide information regarding their qualifications or levels of experience).

Dated:   June 24, 2025
        White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge
