UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL SALADINO, MD

        Plaintiff,

-against-

FRANK TUFANO and FRANKIE'S FREE-RANGE MEAT, LLC,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/2025

20-cv-9346 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

  Defendant Frank Tufano ("Defendant" or "Tufano") filed a Third-Party Complaint against Plaintiff Paul Saladino's attorney David Dong Ann Lin ("Lin") on June 3, 2025. (ECF No. 78.) The Federal Rules of Civil Procedure provide that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim[s] against it." Fed. R. Civ. P. 14. However, "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id*.

  Courts have stated that "[t]he purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate cause of action against a third-party for contribution." *Too, Inc. v. Kohl's Dep't Stores, Inc*., 213 F.R.D. 138, 140 (S.D.N.Y. 2003). *See also Gross v. Hanover Ins. Co*., 138 F.R.D. 53, 54 (S.D.N.Y.1991); *McLaughlin v. Biasucci*, 688 F. Supp. 965, 967 (S.D.N.Y. 1988). "[T]raditional grounds for a third-party action are indemnification, contribution, or subrogation." *Basis Glob., Inc. v. Diamond Phone Card, Inc*., 278 F.R.D. 70 (E.D.N.Y. 2011). Notwithstanding the type of third-party claim asserted, "[t]he outcome of the third-party claim must be contingent on the outcome of the main claim." *Nat'l Bank of*

1

*Canada v. Artex Indus., Inc.,* 627 F. Supp. 610, 613 (S.D.N.Y. 1986). Importantly, a "district court has considerable discretion in deciding whether to permit a third-party complaint." *Kohl's Dep't Stores, Inc.*, 213 F.R.D. at 140.

Tufano filed his answer to the Complaint on January 27, 2021. (ECF No. 8.) Clearly, then, more than 14 days have passed since Tufano's filing of his original answer. (*Id.*) Therefore, the only way that Tufano may file a Third-Party Complaint properly is by seeking leave of and obtaining permission from the Court. The Court, based on the current Third-Party Complaint, finds that Tufano's Third-Party Complaint was improperly filed and is, as currently written, insufficient to meet the standards imposed by Rule 14 on a prospective third-party plaintiff.

The Third-Party Complaint does not offer any cause of action against Lin, much less state a claim for contribution, indemnification, or subrogation against Lin for liability arising out of Plaintiff's claims against Tufano. Instead, Tufano merely states in conclusory fashion that Lin is guilty of committing "misconduct and fraud" in the instant action. (Third-Party Complaint p. 1.) Indeed, the majority of the Third-Party Complaint merely restates Tufano's belief that Lin's representation of Plaintiff is in bad faith and is an attempt to harm Tufano and that Lin will, in the future, seek to wrong Tufano. (*See generally* Third-Party Complaint.) The Third-Party Complaint does not even "state a claim upon which relief can be granted." *Kohl's Dep't Stores, Inc.*, 213 F.R.D. at 140. Moreover, because Tufano has not offered a single claim in this Third-Party Complaint, he cannot satisfy the requirement that the Third-Party Complaint is "contingent on the outcome of the main claim [in the instant action." *Artex Indus., Inc.,* 627 F. Supp. at 613. Such a Third-Party Complaint is plainly not within the ambit of Rule 14 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 14.

Tufano has left the Court with no basis whatsoever to reach a "determination that a third-party complaint would be appropriate and foster the interest of judicial economy." *Kohl's Dep't Stores, Inc.*, 213 F.R.D. at 140. Accordingly, the Court, in its discretion, strikes Tufano's Third-Party Complaint, without prejudice to refile after first seeking leave of Court. Clerk of Court is directed to mail a copy of this Opinion to Defendant Tufano at: Frank Tufano, 25 Dundaff St., Carbondale, PA 18407 .

Dated:   August 6, 2025　　　　　　　　　　　　　　　　　SO ORDERED:
            White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge