UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PAUL SALADINO, MD,

                       Plaintiff,                              **ORDER**

      -against-                                       20 Civ. 9346 (NSR)(JCM)

FRANK TUFANO; and
FRANKIE'S FREE-RANGE MEAT, LLC,

                       Defendants.
-------------------------------------------------------X

      Plaintiff Paul Saladino, MD ("Plaintiff") brought this trademark infringement action against defendants Frank Tufano ("Tufano") and Frankie's Free-Range Meat, LLC. (Docket Nos. 1, 11). The Honorable Nelson S. Román entered a default judgment against both defendants on January 30, 2025 and referred the case to the undersigned to conduct an inquest on damages. (Docket Nos. 59, 60). Presently before the Court is *pro se* defendant Tufano's motion for reconsideration of this Court's May 29, 2025 Order, which denied Tufano's motion to disqualify the undersigned. (Docket No. 91). For the reasons set forth herein, Tufano's motion is denied.

## I. NO BASIS FOR RECONSIDERATION

      "Rule 59(e) motions for reconsideration in the Southern District of New York are governed by Local Rule 6.3." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004).[1] "The decision to grant or deny [a motion for reconsideration under Local Civil Rule 6.3] is within the sound discretion of the . . . court." *Dellefave v. Access Temporaries, Inc.*, No. 99 CIV. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). In the Second Circuit, granting

---

[1] If Tufano does not have access to cases cited herein that are available only by electronic database, then he may request copies from Plaintiff's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

reconsideration "is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Peterson v. Home Depot U.S.A., Inc.*, No. 11 Civ. 5747 (ER), 2014 WL 1355622, at *1 (S.D.N.Y. Apr. 4, 2014) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)). It is "not a substitute for appeal . . . nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision." *Id.* (internal citations omitted). The movant may not use the motion "to start a new round of arguments," nor "should the Court be expected to wade through lengthy papers that simply reiterate in slightly different form the arguments already made in the party's original papers." *Metro. Opera*, 2004 WL 1943099, at *2 (citation omitted).

To succeed on a motion for reconsideration, "the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dellefave*, 2001 WL 286771, at *1; *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

Here, as a preliminary matter, Tufano's failure to move for reconsideration within fourteen days of the challenged order—required under Local Civil Rule 6.3—is a sufficient basis for denial of his motion. *See* Local Civ. R. 6.3; *see also United States v. Yousef*, No. 93 Cr. 180, 2011 WL 4424334, at *1 (S.D.N.Y. Sept. 20, 2011). However, assuming, *arguendo*, that the motion was timely, instead of pointing to new controlling decisions or factual matters that the Court overlooked, Tufano simply reiterates that the Court is biased against him and has ignored his amendment rights, preventing him from effectively participating in this case. (*Compare* Docket No. 75, *with* Docket No. 91). Since a motion for reconsideration is not an opportunity to

-3-

"reiterate in slightly different form the arguments already made in the party's original papers," *Metro Opera,* 2004 WL 1943099, at *2, "the Court declines to reconsider since [Tufano] simply repeat[s] the same arguments, which do not alter the Court's previous conclusion," *Ayala v. Saw Mill Lofts, LLC,* 21 Civ. 9779 (NSR)(JCM), 2023 WL 5835585, at *3 (S.D.N.Y. Aug. 16, 2023) (collecting cases); *see also Smith v. New York City Dep't of Educ.,* 524 F. App'x 730, 734 (2d Cir. 2013) (summary order) (denying reconsideration where movant "simply rehashed his prior arguments").

## II. NO BASIS FOR RECUSAL

Moreover, Tufano has still failed to establish a basis for recusal. "'Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" *United States v. Bayless,* 201 F.3d 116, 126 (2d Cir. 2000) (quoting 28 U.S.C. § 455(a)); *see also Da Silva Moore v. Publicis Groupe,* 868 F. Supp. 2d 137, 148 (S.D.N.Y. 2012), *objections overruled sub nom. Moore v. Publicis Groupe SA & MSL Grp.,* 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012). "The purpose of [Section] 455(a) 'is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *Green v. N.Y.C. Health & Hosps. Corp.,* 343 F. App'x 712, 713 (2d Cir. 2009) (quoting *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 865 (1988)). "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness—whether an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal, or alternatively, if a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." *Alexander v. Priv. Protective Servs., Inc.,* 1:19-cv-10004 (JPO)(SDA), 2023 WL 8174221, at *1 (S.D.N.Y. Nov. 2, 2023), *report and*

*recommendation adopted*, 2024 WL 911945 (S.D.N.Y. Mar. 4, 2024). A showing of actual bias is not required under Section 455(a). *See id.*

Section 455(b)(1), on the other hand, "requires recusal when the judge has personal bias or prejudice concerning a party." *DeMartino v. New York State Dep't of Lab.*, 167 F. Supp. 3d 342, 353 (E.D.N.Y. 2016) (internal quotations and citations omitted). Unlike Section 455(a), "[u]nder § 455(b)(1), recusal is mandated only where the district court harbors *actual* prejudice or bias against a [party]." *United States v. Osinowo*, 100 F.3d 942 (2d Cir. 1996) (emphasis added). There is a substantial degree of analytical overlap between the two subsections. *See Liteky v. United States*, 510 U.S. 540, 552-53 (1994).

Recusals do not occur automatically. *Clemmons v. Comm'r of Soc. Sec.*, No. 11-cv-1645 (KAM), 2011 WL 6130926, at *3 (E.D.N.Y. Dec. 8, 2011) ("A judge is as much obliged not to recuse himself [or herself] when it is not called for as he [or she] is obliged to when it is.") (internal quotations and citations omitted) (alterations in original). To establish a basis for recusal, "[m]ovants must overcome a presumption of impartiality, and the burden for doing so is substantial." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (quotations omitted). "As a general matter, '[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Aquino by Convergent Distributors of Texas, LLC v. Alexander Cap., LP*, 21-cv-1355 (JSR), 2023 WL 8947137, at *2 (S.D.N.Y. Dec. 28, 2023) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)) (alternations in original). Opinions formed by the judge based on facts and events that occurred during the course of a judicial proceeding are not grounds for recusal unless they display "a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996) (internal quotation

-4-

marks and citations omitted). "Moreover, it is well-settled that a judge's adverse rulings and decisions against a party almost never are a valid basis for a party to seek disqualification based on bias or impartiality." *Alexander*, 2023 WL 8174221, at *6 (internal quotations and citation omitted).

Tufano argues that the undersigned has demonstrated a "pattern of blatant favoritism towards [P]laintiff," and requests that I recuse myself from this case. (Docket No. 91). Since Tufano challenges the undersigned's impartiality, the undersigned will analyze the motion under Sections 455(a) and 455(b)(1). *See generally Clemmons*, 2011 WL 6130926. Courts generally review motions for recusal on the merits where "the impartiality of the court has been questioned," *Paschall v. Mayone*, 454 F. Supp. 1289, 1300 (S.D.N.Y. 1978), especially when filed by *pro se* litigants, *Clemmons*, 2011 WL 6130926, at *6 (analyzing *pro se* motion for recusal under 28 U.S.C. § 455(a) and 455(b)(1)). *See also Tarrant v. City of Mount Vernon*, 20-CV-09004 (PMH), 2022 WL 17070062, at *3 (S.D.N.Y. Nov. 17, 2022) (noting the "special solicitude" provided to *pro se* litigants).

There is no basis for recusal here. First, under Section 455(a), there is no reason to believe the undersigned's impartiality could reasonably be questioned. "The Court has presided over this case as it does all of the other cases before it, by endeavoring to follow and apply the law fairly to all parties." *Murray v. Lakeland Cent. Sch. Dist. Bd. of Educ.*, No. 16-CV-6795 (KMK), 2017 WL 4286658, at *12 (S.D.N.Y. Sept. 26, 2017). While Tufano may be dissatisfied with the undersigned's rulings, he has not argued that the rulings would cause a disinterested observer to reasonably question the undersigned's impartiality. *Celli v. New York Dep't of Educ.*, 21-CV-10455 (LTS), 2022 WL 292916, at *3 (S.D.N.Y. Feb. 1, 2022) (denying motion for recusal where the plaintiff failed to provide "any basis" for recusal). Moreover, "[t]he Court is confident that it is unbiased in both fact and appearance." *Shukla v. Deloitte Consulting LLP*,

1:19-cv-10578 (AJN) (SDA), 2020 WL 5894078, at *2 (S.D.N.Y. Oct. 5, 2020) (internal quotations and citation omitted). Simply put, Tufano's motion fails under Section 455(a) because no "reasonable person, knowing all the facts, would conclude that the [Court's] impartiality could reasonably be questioned." *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021) (internal quotations omitted).

Second, under Section 455(b)(1), "[t]he Court harbors no personal bias or prejudice concerning" Tufano or any party in this action. *Pullman v. Alpha Media Publ'g, Inc.*, 12-CV-01924 (PAC)(SN), 2013 WL 12618561, at *2 (S.D.N.Y. Dec. 5, 2013). It is clear that Tufano is unhappy with the undersigned rulings, but a party's "disagreements with the undersigned's rulings and recommendations in this case, and other events that occurred in the course of this case, are not legitimate grounds for recusal." *Alexander*, 2023 WL 8174221, at *6. Therefore, there remains no grounds for recusal.

### III. CONCLUSION

Accordingly, the Court denies Tufano's motion for reconsideration. The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 91), and mail a copy of this Order to the *pro se* Defendant Frank Tufano, 25 Dundaff St., Carbondale, PA 18407.

Dated: August 12, 2025
       White Plains, New York

                                            **SO ORDERED:**

                                            JUDITH C. McCARTHY
                                            United States Magistrate Judge