UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PAUL SALADINO, MD,

                Plaintiff,

   -against-

FRANK TUFANO; and
FRANKIE'S FREE-RANGE MEAT, LLC,

                Defendants.
-------------------------------------------------------X

**ORDER**

20 Civ. 9346 (NSR)(JCM)

      Plaintiff Paul Saladino, MD ("Plaintiff") brought this trademark infringement action against defendants Frank Tufano[1] ("Tufano") and Frankie's Free-Range Meat, LLC (collectively, "Defendants"). (Docket Nos. 1, 11). The Honorable Nelson S. Román entered a default judgment against Defendants on January 30, 2025 and referred the case to the undersigned to conduct an inquest on damages. (Docket Nos. 59, 60). Presently before the Court is Tufano's Motion to Quash Subpoena ("Motion"). (Docket No. 90). Plaintiff filed an opposition on August 15, 2025. (Docket No. 98). Tufano filed an Opposition to Plaintiff's Response to Motion to Quash, which the Court construes as a reply, on August 18, 2025. (Docket No. 103). For the reasons set forth herein, Tufano's Motion is denied.

      Motions to quash are "entrusted to the sound discretion of the district court." *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 203 (S.D.N.Y. 2023) (quoting *In re Fitch Inc.*, 330 F.3d 104, 108 (2d Cir. 2003)). The party moving to quash a subpoena has the burden of persuasion. *Id.* Even where private information is at stake, motions to quash are denied when that privacy interest is outweighed by the relevance of the requested documents. *City of New York v. Golden Feather Smoke Shop, Inc.*, CV-08-3966

---

[1] Mr. Tufano is currently proceeding *pro se*.

-1-

(CBA), 2009 WL 10705762, at *2 (E.D.N.Y. Dec. 21, 2009)).

Here, Tufano's Motion concerns subpoenas that Plaintiff issued to multiple banks to obtain Defendants' financial information and support Plaintiff's damages claim relating to 15 U.S.C. § 1125(a) (the "Subpoenas"). (Docket Nos. 98 at 1; 98-1).  Tufano asserts that: (1) Plaintiff's counsel has used these Subpoenas to obtain false information irrelevant to the case, with fraudulent intent, including to fabricate non-existent damages; (2) Plaintiff's counsel improperly seeks information relating to entities that are not defendants in this case; and (3) Tufano "does not own any significant personal assets, and he no longer operates any business[] under the 'Frankie's Free Range Meat LLC'" name. (Docket No. 90 ¶¶ 1-2, 4-6, 9).  Plaintiff argues that: (1) Tufano's motion is untimely; (2) broad discovery into a party's financials is generally permitted – and even expected – in post-judgment cases; (3) the Subpoenas are necessary and relevant to support Plaintiff's damages claim; and (4) Plaintiff's Subpoenas are limited to Defendants' financial information. (Docket No. 98 at 3-6).

As a preliminary matter, Plaintiff is correct that Tufano's motion is untimely.  "In order to be timely, a motion to quash a subpoena generally must be filed before the return date of the subpoena." *Brown v. Hendler*, No. 09 Civ. 4486 (RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011)[2] (citation omitted).  However, district courts "have broad discretion over the decision to quash or modify a subpoena" and may use this discretion to "consider motions to quash that were not 'timely' filed within the meaning of Rule 45 and applicable case law." *Id.* (internal citations and quotations omitted).  Thus, although Tufano's Motion was received by the Court after the return dates of the Subpoenas, (Docket Nos. 90; 98-1), the Court will exercise its

---

[2] If Tufano does not have access to cases cited herein that are available only by electronic database, then he may request copies from Plaintiff's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

discretion and consider it. *See In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022) (collecting cases) ("[A] number of courts in this Circuit have exercised their discretion to consider motions to quash that were not timely filed within the meaning of Rule 45 and applicable case law.").

However, Tufano's arguments to quash the Subpoenas have no merit. First, his allegations regarding Plaintiff's counsel's actions are conclusory, and Tufano offers no evidence to support them. Second, the documents Plaintiff seeks through the Subpoenas are typical post-judgment discovery used to assess a party's assets. "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *Export-Import Bank of Republic of China v. Democratic Republic of the Congo*, 16-CV-4480 (JMF), 2022 WL 1452523, at *1 (S.D.N.Y. May 9, 2022) (internal quotations omitted). In addition, "[i]t is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets." *Id.*

Third, Tufano's assertions that he has no significant assets and no longer operates a company with the "Frankie's Free Range Meat LLC" name are irrelevant here, since a default judgment has been entered against both Defendants, and Plaintiff seeks information regarding Defendants' finances solely to support his damages claim. (Docket No. 98 at 1); *see also Annuity, Welfare, & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Local 15, 15A, 15C, 15D, AFL-CIO, ex rel. Callahan v. New York Recycling, Inc.,* No. 06 Civ. 0781 (RJH)(THK), 2007 WL 2591222, at *2 (S.D.N.Y. Aug. 2, 2007), *report and recommendation adopted*, No. 06 Civ. 0781 (RJH)(THK), Docket No. 15 ("For purposes of an inquest following the entry of a default judgment, the sole issue is whether a plaintiff has provided adequate support for the relief [he] seeks.")). Fourth, Tufano provides no proof for his contention that Plaintiff seeks financial information relating to any other parties

-4-

beyond Defendants, and he even admits in his Reply that the Subpoenas "only seek information about Defendants in this case and not any other business entities[.]" (Docket No. 103 ¶ 5).

      Accordingly, the Court denies Tufano's Motion to Quash. The Clerk of Court is respectfully requested to terminate the pending Motion (Docket No. 90), and mail a copy of this Order to the *pro se* Defendant Frank Tufano.

Dated:   August 21, 2025
           White Plains, New York

                                 **SO ORDERED:**

                                 _____
                                 JUDITH C. McCARTHY
                                 United States Magistrate Judge