USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/29/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL SALADINO, MD,

                    Plaintiff,

    -against-

FRANK TUFANO and
FRANKIE'S FREE-RANGE MEAT, LLC,

                    Defendants.

20-cv-9346 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Presently before the Court are four motions filed by Defendant Frank Tufano: (1) a motion to vacate the inquest; (2) a motion for leave to file a third-party complaint; (3) a motion to disqualify the Court and a demand for a trial; and (4) a motion to stay the proceedings. (ECF Nos. 65, 92, 100, 101, and 110.) The Court addresses each motion in turn. For the reasons set forth below, all motions are DENIED.

## BACKGROUND

Plaintiff Paul Saladino, M.D. ("Plaintiff"), a licensed physician and certified functional medicine practitioner through the Institute for Functional Medicine, commenced this action against Defendant Frank Tufano (the "Defendant" or "Tufano"), asserting multiple claims, inter alia, sounding in defamation, violations of 15 U.S.C. § 1125, and New York General Business Law §§ 148 and 349, seeking statutory and monetary damages. (ECF No. 1.) On February 16, 2021, Plaintiff filed an amended complaint naming Frankie's Free-Range Meat, LLC ("Free Range") as an additional defendant.[1] (ECF No. 11, Amended Compl.).

---

[1] It is alleged that Defendant Frank Tufano is the founder and owner of Frankie's Free-Range Meat, LLC.

1

Upon Defendants' failure to file an answer to the Amended Complaint, Plaintiff sought and was granted a Certificate of Default on April 7, 2021, as against Defendant Frank Tufano. (ECF No. 27.) On February 8, 2021, defense counsel filed a motion seeking to be relieved from further representing the named Defendants. (ECF No. 10.) By Order dated February 23, 2021, defense counsel's motion to be relieved from further representing the Defendants was granted. (ECF No. 18.) In the Court's Order, Tufano was informed that he was permitted to proceed pro se, but that co-defendant Free Range, a corporate entity, was required to be represented by counsel in the action. (*Id.*) Defendant Tufano was further instructed to notify the Court in writing by March 18, 2021, whether he intended to retain new counsel or proceed pro se. (*Id.*)

The March 18, 2021 deadline came and went, and no correspondence was received by the Court from Defendant Tufano. Thus, the Court assumed Defendant Tufano was proceeding pro se. A review of the docket indicates that no answer was filed in response to the Amended Complaint.

On June 18, 2021, the law firm Davis & Byrnes filed a notice of appearance on behalf of Defendants and sought leave to move to vacate the defaults entered against their clients. (ECF Nos. 28, 29.) The Court issued a briefing schedule for Defendants' anticipated motion. (*Id.*) All motion papers were to be filed on August 24, 2021. (*Id.*) On November 4, 2021, slightly over two months after the deadline for filing motion papers had expired, the Court issued an Order indicating that it had yet to receive Defendants' motion papers, had only received "Plaintiff's opposition papers" via mail, and extended the parties' time to file their motion papers on the Court's Electronic Case Filing System. (ECF No. 30.) All motion papers were eventually filed on the Court's Electronic Case Filing System on February 10, 2022. (*See* ECF Nos. 31, 33, 34, & 35.)

On April 11, 2022, the firm of Davis & Byrnes sought leave of Court to be relieved from further representing Defendant Free Range. (ECF No. 36.) On April 14, 2022, the Court granted

2

Davis & Byrnes' application to be relieved and directed Defendant Free Range to have its new counsel file a notice of appearance by June 13, 2022. (ECF No. 37.) In essence, the Court provided Free Range, a corporate entity, with sixty days to retain new counsel. It is well-settled Second Circuit law that counsel must be retained for corporate defendants and that a pro se litigant may not represent a corporate entity. See, e.g., *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, No. 96 Civ. 4126 (RWS), 1997 WL 26720, at *1 (S.D.N.Y. Jan. 22, 1997).

On June 21, 2022, the Court issued an Order to Show Cause ("OSC"), directing Free Range to show cause on or before July 8, 2022, why it should not be held in default due to its failure to be represented by counsel. (ECF No. 42.) On the same date, June 21, 2022, Farrukh Nuridinov, Esq., filed a notice of appearance on behalf of Defendants Tufano and Free Range. (ECF No. 43.) On June 22, 2022, Defendants filed opposition to the OSC. (ECF No. 44.) In their opposition, Defendants asserted that their failure to timely obtain counsel was due to financial constraints and other unrelated ongoing litigation. (*Id*.)

By Opinion and Order dated July 12, 2022, the Court denied Defendants' pending motion to vacate the entry of default (ECF No. 29) on the basis that "Defendants' default was willful and they failed to show a meritorious defense." (ECF No. 45.) Thus, both named Defendants, Tufano and Free Range, were deemed to be in default.

On September 15, 2023, the Court issued an Order to Show Cause ("OSC") requesting that Defendants show cause before this Court on October 26, 2023, at 10:00 a.m., why an order should not be issued pursuant to Rule 55 of the Federal Rules of Civil Procedure entering a default judgment against Defendants. (ECF No. 52.) On October 19, 2023, attorney Farrukh Nuridinov filed "Defendants' Opposition to OSC for Default Judgment." (ECF No. 54.) Notably, the submission consisted solely of an attorney declaration, and no affidavit was attached from an

3

individual with personal knowledge of the facts. On October 24, 2023, Plaintiff filed a "Reply in Further Support of OSC for Default Judgment." (ECF No. 55.)

On October 26, 2023, the Court conducted an OSC hearing at which all parties were present and represented by counsel. Although the parties expressed a desire to resolve their differences, the matter was deemed fully submitted. (*See* Minute Entry, Oct. 26, 2023.) On December 12, 2023, Plaintiff's counsel notified the Court that the parties were unable to resolve their differences. (ECF No. 56.)

On January 30, 2025, the Court issued an Order holding Defendants Tufano and Free Range in default and, inter alia, referred the matter to Magistrate Judge Judith C. McCarthy ("MJ McCarthy") for the purpose of scheduling a hearing and issuing a Report and Recommendation ("R & R") on the assessment of damages, including compensatory and statutory damages, reasonable attorneys' fees, and costs.[2] (ECF Nos. 59 & 60.) On October 30, 2025, MJ McCarthy issued a Report and Recommendation assessing damages against Defendants. (ECF No. 116.)

## DISCUSSION

### A. Motion to Vacate Inquest

In his motion to "Vacate Inquest," Defendant Tufano alleges that Plaintiff's counsel, David Lin, Esq. ("Lin"), acted in bad faith and engaged in fraudulent conduct and practices while litigating the instant action. (ECF No. 65, Mot. to Vacate Inquest.) Tufano asserts that both Defendants were never served.

A review of the docket indicates that Defendant Tufano was initially served with process at his place of residence. (ECF No. 6.) Following receipt of service of process, Defendant Tufano filed an answer wherein he did not deny being served, did not call into question service of process,

---

[2] On January 30, 2025, the Court issued an Order of Reference referring the matter to MJ McCarthy for an assessment of damages. (ECF No. 60.)

and asserted a counterclaim against Plaintiff.[3] (ECF No. 8.) Defendant Free Range was served with process on March 9, 2021, via substitute service upon the New York State Secretary of State. (ECF No. 21.) N.Y. Bus. Corp. Law § 304(a) and (b) require domestic or foreign corporations formed or authorized to do business in the state to designate the Secretary of State as its agent for the purpose of receiving legal process. Pursuant to N.Y. Bus. Corp. Law § 306(b), service of process on a New York corporate defendant is deemed valid when effectuated by serving the summons and complaint on the Secretary of State. See *Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254 (2d Cir. 1995); *Shimel v. 5 S. Fulton Ave. Corp.*, 11 A.D.3d 527 (2d Dep't 2004); *Spearman v. Atreet Corp.*, 238 A.D.2d 194 (1st Dep't 1997). Other than to assert in conclusory fashion that service was improper, Defendant Tufano proffers no other evidence in support of his contention. Accordingly, the motion must be DENIED.

To the extent Defendants' motion is actually a motion for reconsideration of the Court's prior order finding the Defendants in default, the motion is similarly DENIED. Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), aff'd sub nom. *Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759 & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006). Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b), and "[t]he standard for granting a motion for reconsideration . . . is strict." *Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). They are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."

---

[3] Defendant Tufano was subsequent served with the Amended Complaint on March 9, 2021. (ECF No. 20.)

5

*Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).

Critically, a motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 0690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court'"). Such motions are generally denied "'unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Here, Defendants do not assert that the Court overlooked or misapplied controlling case law in granting the default(s). Nor do Defendants allege that the Court overlooked relevant data or facts. At best, Defendants reference other pending lawsuits against them that have resulted in monetary judgments, have proffered documents in an attempt to minimize their income, and appear to suggest that, in the event Plaintiff prevails and is granted a monetary judgment, Plaintiff may not be able to collect. Accordingly, the motion must be DENIED.

**B.  Motion for Leave to File a Third-Party Complaint**

By notice of motion dated August 7, 2025, Defendant Tufano seeks leave of Court to file a third-party complaint asserting claims against Plaintiff's counsel, Lin. (ECF No. 92.) A copy of the proposed pleadings is attached to the motion papers. Notably, Defendant Tufano asserts that the granting of such motion is "crucial to identifying fraudulent actions committed by Lin in his efforts to wrongfully link unrelated entities' business to the current case." (*Id.*)

On June 6, 2025, Defendant Tufano previously filed an identical proposed third-party

complaint on the docket. (ECF No. 78.) By Opinion and Order dated August 6, 2025, the Court determined, inter alia, that "Tufano's Third-Party Complaint does not offer any cause of action against Lin, much less state a claim for contribution, indemnification, or subrogation against Lin for liability arising out of Plaintiff's claims asserted against Tufano. Instead, Tufano merely states in conclusory fashion that Lin is guilty of committing 'misconduct and fraud in this action.'" (ECF No. 88.) The Court finds no reason to depart from its previous determination. To the extent Defendant's motion is one for reconsideration, the Court adheres to its prior determination.

Moreover, because Defendant has filed a third-party complaint on the docket without leave of Court, that pleading was improperly filed and is hereby stricken. (ECF No. 101.) Accordingly, the motion for leave to file a third-party complaint is DENIED.

### C. Motion to Disqualify the Judge and Demand for a Trial

By notice of motion, Defendant Tufano seeks to disqualify the Court from presiding over the instant action. In his motion, the movant asserts that the Court has committed misconduct and has allowed attorneys for "both Plaintiff and Defendant to commit legal malpractice against Frank Tufano." Defendant Tufano further asserts that the Court has allowed an irrelevant business entity, presumably Free Range, to be added to the lawsuit; allowed Plaintiff's counsel to submit fraudulent affidavit(s) of service to be filed; ignored the "clear malpractice committed" by his former attorneys, much to his detriment, resulting in the denial of fairness to the Defendants; and allowed Plaintiff's counsel to commit additional legal malpractice by fraudulently using subpoenas to obtain legal documents from other entities not named in the action, linking Defendant Tufano's personal income to a business entity. Thus, requiring the disqualification of the Court.

Pursuant to 28 U.S.C. § 144, if a judge finds that a movant's affidavit seeking to disqualify him or her establishes legally sufficient claims of personal bias or prejudice, he must proceed no

further and allow another judge to be assigned to the proceeding. "Where, however, the supporting affidavit is insufficient on its face, this forbearance requirement is not 'triggered.'" *Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318 (2d Cir. 2005) (per curiam). Under 28 U.S.C. §§ 455(a) and (b)(1), in relevant part, a judge must recuse himself in any proceeding in which his impartiality might reasonably be questioned or where he has personal bias concerning a party or personal knowledge of disputed evidentiary facts. *United States v. Wolfson*, 558 F.2d 59, 61 (2d Cir. 1977).

Recusal is required when there is actual bias or partiality and when there is the appearance of partiality. *U.S. v. El-Gabrowny*, 844 F. Supp. 955, 961 (S.D.N.Y. 1994) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)). The standard for determining the existence, or nonexistence, of partiality is objective; partiality is determined by first examining the law and facts and then analyzing whether a reasonable person who knows and understands all the relevant information would recuse the judge. *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988); *El-Gabrowny*, 844 F. Supp. at 961. Disqualification is typically determined only based upon "extrajudicial conduct . . . not conduct which arises in a judicial context." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). When, as here, the request for disqualification is based on conduct in a judicial context, there are no grounds for recusal unless the moving party shows that the judge acted with pervasive bias, meaning action that is so "extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994); *McKenzie v. McClatchie*, No. 05-CV-618A(F), 2008 WL 138085, at *2 (W.D.N.Y. Jan. 10, 2008). Motions for recusal fall under the discretion of the district court. *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312.

Here, Defendant Tufano's declaration is insufficient to support claims of personal bias, impartiality, the appearance of impartiality, or personal knowledge of disputed facts. Plaintiff's

8

request for disqualification is based on conduct in a judicial context, the administration of his case, and Plaintiff fails to show that the Court's conduct was improper and extreme as to clearly indicate that a fair judgment will not be entered.

Movant's complaints appear to be that he is dissatisfied with the course of conduct of his former attorneys in their representation of him and his purported business entity. He describes their representation as constituting legal malpractice and suggests that Plaintiff's counsel has filed fraudulent affidavits of service in this action.

Whether or not his former attorneys committed malpractice in their representation of the Defendant(s) is not clear from the record, nor is it a basis for the Court to recuse itself from this action. Other than to assert in conclusory fashion that service of process was improper, as previously discussed, Defendant Tufano provides no other support for his contention. Defendant Tufano also appears to call into question Plaintiff's counsel's use of subpoenas upon non-parties in an attempt to link those entities to Defendant Tufano, his business (Free Range), and income. The use of subpoenas is governed by Federal Rule of Civil Procedure 45 ("Rule 45"), which generally allows for the use of a subpoena to require, inter alia, the attendance of a person for a deposition, hearing, or trial, and the production of documents, electronically stored information, or tangible items for an inspection, hearing, or trial. Relatedly, Rule 45 not only delineates the duties imposed upon the recipient of a subpoena but also provides a procedure for objecting to and challenging the relevance, validity, or scope of the subpoena. *See* Fed. R. Civ. P. 45(c)(1)–(2), (d). A review of the docket reveals that neither Defendants nor any of the referenced non-parties to this action availed themselves of the procedures and protections afforded under Rule 45. Accordingly, for the reasons provided, the motion is DENIED.

**D. Motion to Stay the Action**

9

Defendant Tufano seeks a court order staying the instant action. He asserts that the Court has behaved in a "blatant and malicious" manner and suggests that the Court allowed "legal malpractice" to occur. (ECF No. 101, "Brief in Support of the Stay.") In particular, he alleges that the Court improperly allowed Plaintiff to impermissibly amend its pleadings to add an additional Defendant, Free Range. Additionally, he alleges that all counsel involved in the action have engaged in legal malpractice and raises concerns about possible financial implications if Plaintiff prevails. (*Id.*)

It is well settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Although a court 'is obligated to exercise its jurisdiction over cases before it, and to guide those cases toward as speedy and inexpensive a conclusion as is consistent with permitting claims to be heard fairly,' it has the discretion to grant a stay 'when a similar action is pending in another court' and 'where a higher court is close to settling an issue of law bearing on the action.'" *Estate of Heiser v. Deutsche Bank Trust Co. Ams.*, No. 11 Civ. 1608, 2012 WL 5039065, at *5 (S.D.N.Y. Oct. 17, 2012) (quoting *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 n.39 (S.D.N.Y. 2005)); see also *SST Glob. Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003). Typically, courts balance the following factors in deciding whether to grant a stay:

(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed;

(2) the private interests of and burden on the defendants;

(3) the interests of the courts;

(4) the interests of persons not parties to the civil litigation; and

(5) the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (quotation omitted). The movant "bears the burden of establishing its need" for such a stay. *Luv N' Care, Ltd. v. Regent Baby Prod. Corp.*, No. 10 Civ. 9492, 2014 WL 572524, at \*2 (S.D.N.Y. Feb. 13, 2014) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

After balancing the factors, the Court concludes that a stay is not warranted here because Defendant Tufano, as the movant, has failed to demonstrate entitlement to the relief sought. A stay would result in prejudice to Plaintiff, who has diligently prosecuted this action. The Defendants, on the other hand, willfully defaulted (*see* ECF No. 45) and have caused significant delay in the litigation. As such, declining to issue a stay better serves the interests of the courts and the public by promoting judicial efficiency.

## CONCLUSION

For the foregoing reasons, Defendant's motions to vacate the inquest, for leave to file a third-party complaint, to disqualify the Court and demand a trial, and to stay the proceedings are DENIED. The Third-Party Complaint at ECF No. 101 is also STRICKEN. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 65, 92, 100, 101, and 110. The Clerk of the Court is further directed to mail a copy of this Opinion and Order to pro se Defendant Frank Tufano at his address listed on ECF and to show service on the docket.

Dated: January 29, 2026
      White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

11