USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/27/2026_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
PAUL SALADINO, MD,                                          :
:
    Plaintiff,                                              :          ORDER
:           20-cv-9346 (NSR)
        -against-                                       :
:
FRANK TUFANO and                                           :
FRANKIE'S FREE-RANGE MEAT, LLC,           :
:
    Defendants.                                           :
------------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      The Court is in receipt of Defendant's submissions styled as (1) "Motion to Stay Judgment Pending Appeal Decision" (ECF No. 133) and (2) "Emergency Motion to Dismiss Judgment" (ECF No. 134).

      To the extent Defendant seeks a stay of enforcement of the judgment pending appeal, such relief is governed by Federal Rule of Civil Procedure 62. *See* Fed. R. Civ. P. 62(b)–(d). A stay pending appeal is an "extraordinary remedy" requiring, inter alia, a strong showing of likelihood of success on the merits and irreparable harm absent a stay. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012). Defendant has not made such a showing. Accordingly, the motion is DENIED.

      To the extent Defendant seeks "dismissal" or vacatur of the Court's final judgment, the Court construes the submission as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "extraordinary" and available only in exceptional circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

1

Defendant has failed to establish any basis under Rule 60(b)(1)–(6) warranting relief from the judgment entered in this action. *See* Fed. R. Civ. P. 60(b)(1)–(6).

Finally, Defendant's assertion that he was not served with the proposed judgment is unavailing. (*See* ECF No. 134 at 1.) A proposed judgment is not a pleading or motion requiring service of process, but rather a ministerial submission to the Court for entry following adjudication. *See* Fed. R. Civ. P. 58(b).

Accordingly, the "Emergency Motion to Dismiss Judgment" is DENIED. The Clerk of Court is respectfully directed to terminate ECF Nos. 133 and 134 and to mail a copy of this Order to Defendant at the address listed on ECF.

Dated: May 27, 2026
      White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

2